■ THERESA TANGORRA, Respondent, v. HAGAN INVESTING CORPORATION et al., Appellants.— Order insofar as appealed from unanimously reversed, with costs, motions granted, and complaint dismissed. Memorandum: On December 19, 1969, plaintiff placed an order with defendant Hagan Investing Corporation (Hagan) to buy 200 shares of Digimetrics, Inc., stock at $8 per share. That same day, Hagan acquired the stock for plaintiff and sent her a written confirmation with a settlement date of December 29, 1969. On December 23, 1969, plaintiff paid for the stock. On January 5, 1970, Hagan mailed Certificate No. 583 for 200 shares of Digimetrics, Inc., stock registered in the names of Alexander and Eileen H. Bruni to the Trust Department of the defendant Oneida National Bank and Trust Company of Central New York (Oneida), the transfer agent of Digimetrics, requesting that it issue two new certificates, each for 100 shares, to the plaintiff. On February 2, 1970, the requested certificates were prepared but Oneida did not send them to plaintiff until February 21, 1970 because of some doubt about her correct address. Plaintiff, complaining that the stock had become worthless on January 30, 1970, sued both defendants, setting forth causes of action against each for rescission and negligence, but plaintiff did not allege that she tried to sell the stock. Both defendants thereafter moved for the dismissal of the causes of action in the plaintiff's complaint. Special Term dismissed the cause of action for rescission against defendant Oneida but denied Oneida's motion to dismiss the cause of action for negligence. Special Term also denied defendant Hagan's motion to dismiss both causes of action. Defendants appeal from the order insofar as it denies their motions. Defendants' motions to dismiss the plaintiff's complaint against them should have been granted. It has long been recognized that when a broker purchases stock on behalf of a customer, title to that stock immediately vests in the purchaser. (*Baker* v. *Drake,* 53 N. Y. 211; *Le Marchant* v. *Moore,* 150 N. Y. 209; Uniform Commercial Code, § 8-313.) Thus, on the day plaintiff ordered the stock and Hagan purchased it for her, she became its owner. Since the plaintiff was the owner of the stock from the moment it was purchased by Hagan for her account, she had the power to sell it, even though she had not received delivery of the stock certificate (*Broderick* v. *Alexander* [*Kahn*], 268 N. Y. 306). Any loss plaintiff sustained was the result of her own inaction. Consequently, having no basis for recovery, the defendants' motions should have been granted (*Foley* v. *D'Agostino,* 21 A D 2d 60). (Appeals from certain parts of order of Oneida Special Term, denying motions to dismiss causes of action and complaint in action to rescind

stock transaction.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.